# NATIONAL BENEFIT ASSOCIATION *v.* ELZIE.

FORFEITURES; INSURANCE;. WAIVER; ESTOPPEL.

1. Forfeitures are not favored in the law; and courts are always prompt to seize hold of any circumstances that indicate an election to waive a forfeiture, or an agreement to so do on which the party has relied and acted.

2. Any agreement, declaration, or course of action, on the part of an insurance company, which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will estop the company from insisting upon the forfeiture, though it might otherwise be claimed, under the express letter of the contract.

3. Where a relief and insurance association whose contracts of insurance with beneficiaries provide for suspension of members three weeks in arrears in making their weekly payments, with the right in the association to reinstate without medical examination, in its discretion, permits its collector to collect a series of overdue payments from an insured so in arrears, and to give him unconditional receipts therefor, it is estopped, after the death of the insured, to claim that the policy was forfeited before such payments were made and accepted by it.

4. The question of whether the collector of an insurance association, in giving unconditional receipts for payments made·by a beneficiary in arrears, acted beyond the scope of his authority, does not arise where the association accepted the payments, presumably with knowledge of all the facts attending the collections and the execution of the receipts.

No. 2125. Submitted April 22, 1910. Decided May 10, 1910.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action·upon a policy of insurance.      *Affirmed.*

The Court in the opinion stated the facts as follows:

This action was begun in the justice's court by Pamelia Elzie to recover the sum of $50. What was the result in that court does not appear. It was tried *de novo* on appeal taken to the supreme court of the District, and resulted there in a verdict and judgment for the plaintiff for said sum. Appellant, the National Benefit Association, is a relief and insurance association, incorporated. Appellee caused her son, John Elzie, to be insured therein for her benefit. He was a young man of about twenty-seven years of age. He was ailing slightly about November 1st or 3d; took to his bed on the 5th or 6th, and died of pneumonia November 27th. By the terms of the policy payments of 20 cents were required to be made weekly, and the beneficiary was furnished a blank book in which the unconditional receipts for payments were entered. Payments were irregularly made from the beginning, but all payments until that due August 3d were made within three weeks. The payment due August 30th was not made until October 22d, at which time the payment due September 7th was also paid. Payments due September 14th and 21st were paid October 29th. September 28 payment was made on November 3, at which time also payments due October 5, 12, 19, and 26 were received. The two final payments were made during insured's illness, and on time.

Unconditional receipts were entered in the beneficiary's book for each of these payments; the money was received by the association, and no notice of default was given until after the death of the insured. After the death, the association refused payment, alleging that the policy had lapsed, and offered to return the sum of $1.40, which plaintiff refused to accept. Certain provisions relied on by the defendant are to the following effect: If a weekly payment be more than three weeks due, the member shall, without further notice, stand suspended. A suspended member, desiring to be reinstated, may pay all assessments due, and if, at the expiration of five weeks from the date of such payment, all dues accruing during said five weeks have

been paid, the member may be reinstated upon passing an examination satisfactory to the association. The acceptance of such payment, however, shall be deemed to be conditional only upon the future reinstatement of the member, the association reserving the right to reinstate with or without a medical examination. Should the association decline to reinstate, the amount paid on account of reinstatement will be returned, and the certificate canceled. Should the association fail to tender or return the same within, or at the expiration of, said five weeks, the member shall be deemed reinstated. If the payment of weekly assessments shall not be made according to the terms, the certificate shall be void; and the foregoing provisions avoiding the certificate shall not be considered waived by any act of grace in the *conditional* acceptance of overdue payments. Agents may in their discretion receive payments within three weeks after they are due, but are not authorized to alter contracts, or waive forfeitures; they have no power to receive a payment more than three weeks after it is due (except conditionally, as provided on the face of the certificate), and any such payment to an agent shall be at the risk of the one making it, and shall not be credited to the member whether entered in the receipt book or not. Members more than three Mondays in arrears will not be entitled to sick or death benefits, but can be reinstated by paying all back dues and passing a satisfactory medical examination, which may be waived by the association, but such member shall not be entitled to benefits should sickness or death occur within thirty days from said reinstatement, etc. The secretary and manager testified, that when a member was suspended, the policy was lapsed, but in such cases the practice was to give a revival or *conditional* receipt, and that course ought to have been pursued in Elzie's case, instead of entering the payments on the receipt book. At the conclusion of this evidence, the defendant moved for an instructed verdict. The motion was overruled, and the cause submitted upon a charge which is not recited, because no exception was taken to it. The jury returned a verdict for plaintiff, and the appeal is from the judgment entered thereon.

*Mr. Joseph H. Stewart* for the appellant.

*Mr. W. A. Coombe* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

There was no error in refusing to direct a verdict for defendant.

The defendant relied on a forfeiture of the benefit through failure to comply strictly with the terms of the policy. Plaintiff relied on the facts in regard to the receipt of the payments and the execution of unconditional receipts, as amounting to a waiver of the forfeiture. "Forfeitures are not favored in the law; and that courts are always prompt to seize hold of any circumstances that indicate an election to waive a forfeiture, or an agreement to do so on which the party has relied and acted. Any agreement, declaration, or course of action on the part of an insurance company, which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will and ought to estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract. The company is thereby estopped from enforcing the forfeiture. The representations, declarations, or acts of an agent contrary to the terms of the policy, of course, will not be sufficient, unless sanctioned by the company itself. *Union Mut. L. Ins. Co.* v. *Mowry,* 96 U. S. 544, 24 L. ed. 674. But where the latter has, by its course of action, ratified such declarations, representations, or acts, the case is very different." *New York L. Ins. Co.* v. *Eggleston,* 96 U. S. 572–577, 24 L. ed. 841–843. See also *Knickerbocker L. Ins. Co.* v. *Norton,* 96 U. S. 234, 24 L. ed. 689; *Globe Mut. L. Ins. Co.* v. *Wolff,* 95 U. S. 326–330, 24 L. ed. 387–389; *Hartford Life Annuity Ins. Co.* v. *Unsell,* 144 U. S. 439–449, 36 L. ed. 496–500, 12 Sup. Ct. Rep. 671; *Supreme Lodge, K. P.* v. *Kalinski,* 163 U. S. 289–298, 41 L. ed. 163–166, 16 Sup. Ct. Rep. 1047.

The doctrine of those cases is applicable to the facts of the present case. It will be observed that a payment had been received on this policy on August 27, more than three weeks after it was due. Unconditional receipts were given, and the insured had no notice of suspension. On September 10th he paid the dues of August 10th and 17th. On October 22d he paid the assessments due August 31st and September 7th, receiving the same unconditional receipts. On October 29th were received the payments due September 14th and 21st. At this time, the insured, a young man of twenty-seven years, was in perfect health. Unconditional certificates were issued on the policy, and no question raised as to re-examination. November 3d, the day on which he began to be slightly ill, he paid the dues for September 28th and October 5th, 12th, 19th, and 26th. The dues of November 2d and 9th were promptly paid. The collector of these payments was not called as a witness, nor does it appear whether he was a general officer of the association or not. He may well have been, as the business is carried on in Washington, but, whether so or not, it is to be presumed that he informed the association when he turned in the money received. *Globe Mut. L. Ins. Co.* v. *Wolff,* 95 U. S. 332, 24 L. ed. 389.

It had the right to reinstate without examination, in its discretion, and must have known that the collector, whoever he was, had waived it by executing the unconditional receipt in the book, instead of issuing the special conditional receipt, according to the ordinary practice. Such a receipt would have informed the insured, and put him upon action for reinstatement. Having permitted these and the earlier payments to be made, and accepted the money without question or condition, the insured and the beneficiary, apparently ignorant persons, were led to believe that he had never been actually suspended, and that the policy was in force. The association ought, therefore, to be and is estopped, after the death of the insured, to say that the policy had been forfeited before those payments were accepted and received by it. Under the evidence, there arises no question regarding the right of an agent to waive a provision of the

policy. The waiver was that of the association, and not of a mere agent to collect, and nothing more, for it accepted the money, presumably with knowledge of all of the facts attending the collection and the execution of the unconditional receipts. Its secretary, who was the only witness for the defendant, did not deny this knowledge.

Error has been assigned, also, on the allowance of interest by the jury. There are no pleadings in the case, and nothing upon which to found an inquiry into the alleged error.

We think there was no error committed on the trial, and the judgment will be affirmed, with costs.  *Affirmed.*