## CENTURY INDEMNITY CO. v. SHAKESPEARE.
### No. 1043.

Circuit Court of Appeals, Tenth Circuit.

Dec. 12, 1934.

Paul F. Irey, of Denver, Colo. (Homer S. McMillin, of Denver, Colo., on the brief), for appellant.

Emory L. O'Connell, of Denver, Colo. (Merle M. Marshall and Ralph C. Horton, both of Alamosa, Colo., and A. X. Erickson, of Denver, Colo., on the brief), for appellee.

Before LEWIS and PHILLIPS, Circuit Judges, and JOHNSON, District Judge.

LEWIS, Circuit Judge.

This suit was brought by Elaine Shakespeare against The Century Indemnity Company on a policy of indemnity insurance issued October 21, 1929, to W. D. Powell. Said contract was termed an Automobile and Property Damage Policy, and by its terms the indemnity company insured Powell for one year against liability for damages because of bodily injuries accidentally sustained by any person or persons as a result of the negligent operation by said Powell of his certain Ford automobile in said policy described, in an amount not exceeding $5000. It further provided:

"If any person or his legal representatives shall obtain final judgment against the Assured because of any such injuries, damages or destruction and execution thereon is returned unsatisfied by reason of bankruptcy, insolvency or any other cause, or if such judgment is not satisfied within thirty days after it is rendered, then such person or his legal representatives may proceed against the Company to recover the amount of such judgment, either at law or in equity, but not exceeding the limit of this policy applicable thereto."

The policy also contained this provision:

"This Agreement Is Subject to the Following Conditions: * * * D. Immediate written notice of any accident, like notice of any claim, and like notice of any suit resulting therefrom with every summons or other process, must be forwarded to the Home Office of the Company, or to its authorized agent."

Plaintiff alleged that she sued W. D. Powell in the state court to recover damages because of bodily injuries sustained by her as the result of the operation by said Powell of the certain automobile described in said policy; that Powell appeared and defended said action; that plaintiff on September 20, 1932, recovered judgment in the sum of $5,000, together with interest, in the total sum of $5,842.22, and costs; that more than thirty days had elapsed since the rendition of said final judgment and the same is not satisfied in whole or in part; wherefore, plaintiff prayed judgment.

Defendant admitted plaintiff recovered said judgment against Powell, and rested its defense solely on the provisions of the policy regarding immediate notice, alleging that Powell failed, neglected and refused to give notice of said accident, which occurred July 20, 1930, to defendant or its agents immediately as provided in section "D," quoted supra, and that defendant had no notice or knowledge of the accident until August 9, 1930.

The replication, in addition to general denials, set up a waiver of the notice in that defendant took charge of the defence of the suit against Powell, employed an attorney for that purpose, and paid the necessary costs in making that defence. An amendment by defendant to its answer pleaded an agreement between it and Powell where it was agreed that it did not waive its rights to defend on any ground any claim which might be made under said policy on account of said accident

by furnishing counsel or otherwise assisting in the defence of any suit filed against Powell.

At the date of the accident, July 20, 1930, Powell was living at Center, Colorado. Plaintiff, her father C. L. Shakespeare, and one Miss Scott were traveling with Powell as guests in his automobile. The accident occurred at 8:30 P. M. near Pagosa Springs. All, save Powell, were injured and were removed to Pagosa Springs. Powell informed Shakespeare after the accident that he had an insurance policy. Shakespeare was in the insurance business, and he told Powell he was familiar with the handling of insurance policies and claims and he requested Powell to make no report of the accident until he could get back and help him.

Powell did not have the policy in his possession but thought it was in the possession of defendant's agent in Denver. On July 22, 1930, he wrote the Denver agent from Center requesting him to send the policy. He made no mention of the accident. On July 25th the agent replied that the policy could not be found, and that their records showed that the policy had been sent to his home address. Powell then wrote to his Denver home, and the policy was forwarded to him.

Powell first notified defendant's agent at Denver of the accident by letter of August 7, 1930, in which he told something about the accident and informed the agent that all three injured parties intended to make a claim for damages. In the agent's reply of August 9th there was enclosed a formal blank report of the accident to be filled out. In the letter the agent said that defendant's attorney would get in touch with Powell immediately, and "in the meantime will you please have the enclosed reports of the accident completed by yourself and Mr. Shakespeare." That report was filled out by Powell with the assistance of Mr. Shakespeare, bears date August 11, 1930, is signed by Powell, and was returned immediately to defendant's agent. It thus appears that the first notice of the accident was contained in Powell's letter to defendant's agent of date August 7th, which was eighteen days after the accident occurred. Powell assigned two reasons for not notifying defendant before that date. First. He did not have the policy and did not know whether it covered the accident. Second. The father of plaintiff requested that he defer making any report until he could come and help him make it.

394

At the close of plaintiff's case the defendant moved for dismissal or nonsuit on the ground that as matter of law there was undue delay in notifying defendant of the accident. The motion was denied, and defendant introduced evidence.

Defendant introduced in evidence the agreement it entered into with Powell whereby it was agreed that its action in furnishing counsel or entering upon the defence of any suits filed against Powell on account of said accident should not be construed as an admission of liability or waiver of its right to defend on any ground against any claim made under said policy on account of said accident, it being understood that Powell might have counsel of his own selection associated with the insurance company's counsel.

At the close of all the evidence plaintiff's counsel indicated that he would like to interpose a motion for directed verdict, and the court indicated that it would be granted. Defendant's counsel said they would like to be heard upon plaintiff's motion. Thereupon, "Counsel for defendant argued that as matter of law plaintiff was precluded from recovering because of the delayed notice, and insisted that if the court was in doubt on this proposition, then, in any event, the verdict should not be directed in favor of plaintiff but the issue submitted to the jury." Whereupon the court said: "I think you are right. I think I will withdraw that statement, and let it go to the jury." There was no objection or exception by either plaintiff or defendant.

The court then instructed the jury on the question whether immediate written notice was given defendant, what was meant by immediate written notice as used in the policy, and also upon the question of whether defendant waived its right to defend this suit by what it did in the state court suit. After further conference between court and counsel, the court eliminated the question of waiver from its instructions and submitted only the question whether defendant was given immediate written notice of the accident under its instructions which were in substance that the phrase should be given a reasonable construction under all the circumstances. There were no objections or exceptions to the court's action or its instruction.

The jury returned a verdict for plaintiff in an amount agreed upon. Judgment was entered thereon.

In Fidelity & Deposit Co. v. Courtney, 186 U. S. 342, 22 S. Ct. 833, 46 L. Ed. 1193, the clause of a fidelity bond requiring the employer to give immediate notice of default or misconduct on the part of a bonded employé was construed. Notice was given within ten to seventeen days after the first discovery of a default. It was held that the trial court did not err in deciding that the policy should not receive the construction that the parties intended that notice of a default should be given instantly upon discovery of a default, but that what was meant was that notice should be given within a reasonable time, having in view all the circumstances of the case. The Supreme Court approved the action of the trial court in submitting the question as one of fact to the jury under instructions that the requirements of the bond were fulfilled by giving notice "as soon as reasonably practicable and with promptness" or "within a reasonable time." See Aetna Indemnity Co. v. J. R. Crowe Coal & M. Co. (C. C. A. 8) 154 F. 545, New Jersey Fid. & P. G. Ins. Co. v. Love (C. C. A. 4) 43 F.(2d) 82, Empire State Surety Co. v. Northwest Lumber Co. (C. C. A. 9) 203 F. 417.

Defendant's principal contention here is that plaintiff was precluded from recovering, because it affirmatively appears that Powell, the insured, did not give defendant "immediate notice" of the accident as required by the policy. But we are of opinion that issue was one of fact for the jury, and there was no motion by defendant that made an issue of law for the court. Columbia & P. S. Railroad v. Hawthorne, 144 U. S. 202, 12 S. Ct. 591, 36 L. Ed. 405; Hartford Life & Annuity Ins. Co. v. Unsell, 144 U. S. 439, 12 S. Ct. 671, 36 L. Ed. 496; Allen v. Cartan & Jeffrey Co. (C. C. A. 8) 7 F.(2d) 21; American Pet. Co. v. Missouri Pacific Ry. Co. (C. C. A. 8) 25 F.(2d) 441.

The trial court denied a motion for new trial, and such ruling is assigned as error. A motion for new trial is addressed to the discretion of the trial court, and its ruling thereon is not open to review in the absence of a showing of abuse of discretion. Emporia Loan & Inv. Co. v. Rees (C. C. A. 10) 66 F. (2d) 225. Since we entertain the above views of the evidence, necessarily we are of opinion that this record shows no abuse of discretion.

The court refused the following instruction tendered by defendants:

"You are instructed that if the defendant insurance company did not receive the im-

mediate notice of accident required by the policy, the law presumes that it was damaged thereby and no proof of such damage is required."

Error is assigned thereon. Inasmuch as the jury resolved the issue of notice against defendant there was no premise on which the legal presumption could rest. The claimed error was therefore non-prejudicial.

Defendant assigns as error the court's action in first instructing the jury upon the question of waiver of notice and then eliminating that question from its charge and submitting as the sole issue whether notice of the accident had been given in time. It is true the court first submitted to the jury both the issue of failure to give timely notice, which was pleaded as the sole defence, and the issue of waiver of that notice, which was pleaded by plaintiff in reply. Thereafter, following a colloquy between court and counsel out of the presence of the jury, as appears by the record, the court gave this instruction:

"Gentlemen of the jury, I desire to correct one instruction on the law, and eliminate the question of waiver. So you are instructed that in the event you find that reasonable notice was given to the defendant in this action, you will find for the plaintiff and assess her damages at the sum of $6304.00. On the other hand, if you find that reasonable notice was not given it will be your duty to find a verdict for the defendant and against the plaintiff. In other words, eliminate the question of waiver and the evidence relating thereto, and decide the one question whether under all the surrounding circumstances plaintiff, acting as a reasonable, prudent and diligent man, gave immediate notice required by the policy. If he did you will find the verdict for the plaintiff in the amount set forth in the form of verdict. Otherwise you will find for the defendant."

There was no exception to this action of the court. Even had there been an exception we think it would not have been well taken. Certainly a defendant cannot object to the elimination of an issue raised by a plaintiff in his reply. The only issue submitted to the jury by the instruction last quoted was the one raised by defendant in its answer—whether notice had been given in time. We cannot believe, as defendant contends, that the jury could have been confused or misled by the court's action quoted supra. Its effect must have been to simplify and make clear the duty of the jury.

The judgment appealed from is affirmed.