## PROVIDENT LIFE INS. CO. v. GRANT.
### No. 16.

Municipal Court of Appeals for District of Columbia.

March 12, 1943.

Rehearing Denied Apr. 15, 1943.

James M. Earnest, of Washington, D. C., for appellant.

William C. Murphy, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

This appeal is from a judgment in favor of appellee in a suit brought by her as the beneficiary of a life insurance policy. The case was heard by the court without a jury.

The opinion of the trial judge contained findings on certain disputed factual issues. However, after hearing argument we were of opinion that the determination of a disputed question of fact not included in these findings of the trial court was material to our consideration of the case.

There is no requirement that the trial court file findings of fact. But where, as here, the judgment was entered upon specific findings, leaving undetermined a material issue of fact as to which the evidence is conflicting, we may require a finding on that issue.

Accordingly we remanded the case to the trial court with instructions to make an additional finding of fact after notice to parties in interest, and to certify the same to this court. This supplemental finding was made and incorporated in the record.

Appellant was permitted to file a supplemental statement of proceedings and evidence.

The material facts are as follows: Plaintiff, Maria Grant, an illiterate colored woman, seventy-five years of age, was the beneficiary named in two industrial insurance policies issued by defendant on the life

of her daughter, Elizabeth Grant. The first policy, in the sum of $85, was issued October 9, 1939; the second, for $108, was issued July 2, 1941. The insured died; claims were filed and rejected on the ground that the policies had lapsed for nonpayment of premiums. Separate suits were filed on each policy. The issue in each case was whether the forfeiture of the insurance had been waived by the company.

Both policies contained reinstatement clauses which, however, differed in their requirements.

The policy issued October 9, 1939, required (1) payment of all premiums in default, (2) payment of four weekly premiums during the ensuing four weeks, and (3) an examination by the company, the latter, however, reserving the right to reinstate without such medical examination.

The pertinent provision of the policy issued July 2, 1941, on which the judgment was based, is as follows: "Should this Policy lapse for non-payment of premium, it may be reinstated, if not more than fifty-two premiums are due, by the payment of all arrears and the presentation of evidence of insurability of the Insured satisfactory to the Company and approved at its Home Office."

The insured died May 7, 1942. Death resulted from cancer. Proofs of claim on both policies were rejected by the company upon the ground that the policies had lapsed for nonpayment of premiums on March 30, 1942, and had not been reinstated at the time of death.

There was evidence that the company's collector had failed to call for the weekly premiums as he had theretofore done, but the record does not disclose when or during what period this occurred.

On April 26, 1942, the beneficiary, appellee here, sent her daughter (not the insured) to the office of the appellant company to pay the premiums in arrears on both policies. She was told by the company's representative that the money she brought was insufficient, and an offer of part payment was refused. The following day the full sum in arrears was paid and entered in the premium receipt book. Appellant's District Office and Home Office are combined at the one address where payment was made. Appellant claimed that the person who received the payment stamped on the premium receipt book, opposite the entry of this payment, the words "on account of revival as per terms of policy". Such an endorsement appears in the book. Plaintiff testified that it was not stamped in the book when the payment was made, and was not there until the book was returned after disallowance of the claim. The trial court found that the endorsement of conditional receipt was not stamped in the book at the time the payment was made.

When she made this payment the beneficiary was not notified that anything further was required to be done by her in addition to payment of the arrears.

The president of the company testified that upon the receipt of the premiums on April 27, 1942, he directed the company's physician to make a medical examination of the insured. This examination had not been made at the time of her death ten days later. The parties interested were not informed that such an examination had been ordered.

The proofs of claim show, and it is admitted, that the cancerous condition from which the insured died had continued over a period of eight months and that she had been treated by a physician since January, 1942.

The two cases, one on each policy, were consolidated and heard together, resulting in a finding and judgment for the defendant in the suit on the first-mentioned policy; for the plaintiff in the sum of $108 on the second. From the judgment on the second policy this appeal was taken. The evidence relative to the first policy claim is pertinent only to the extent that it explains the dealings between the insured and insurance company bearing upon the question whether the company had waived the provision of the second policy requiring the insured to present evidence of insurability.

A preliminary question for us to decide is whether the trial court's findings of fact were plainly wrong or without evidence to support them. We rule that its findings were supported by substantial evidence.

The question remaining for determination is whether the trial court was justified in finding that there had been a waiver of the clause of the policy requiring the insured to submit proof of insurability. The issue of waiver in such a case is one of fact, to be tried by jury under proper instructions, or by the court if a jury trial is not demanded.

In Hartford Life & Annuity Insurance Co. v. Unsell, 144 U.S. 439, 12 S.Ct. 671, 36 L.Ed. 496; National Ben. Ass'n v. Elzie, 35 App.D.C. 294; Eureka Life Ins. Co. v. Hawkins, 39 App.D.C. 329, and other cases we have examined, this issue was tried by jury. It is significant to note that in the last-cited case the court had directed a verdict for the plaintiff. The discussion in the opinion, strongly relied upon by appellant, was necessarily from the point of view that an affirmance of the judgment required that the appellate court find evidence of waiver so conclusive that the trial court was justified in taking the case from the jury. This action of the trial court was affirmed.

More than thirty years ago the highest court of this jurisdiction recognized that the interest of the public justified and required the adoption of a liberal policy in favor of the holders of industrial policies of life insurance. In Eureka Life Ins. Co. v. Hawkins, supra, it said: "Courts of justice do not look with favor upon forfeitures which are the result of technical provisions in contracts of insurance. [Cases cited.] Especially is this true where there is involved a so-called industrial insurance policy, like the one here in issue; since policy holders of this kind are frequently illiterate and generally little versed in business matters, hence more likely to be guided by the conduct and acts of the company than by the technical provisions of the policy. Indeed, it is to be regretted that more adequate protection against the harshness of such contracts is not provided by statute."

In National Ben. Ass'n v. Elzie, supra, the court commented upon the fact, also true in the present case, that the person who received payment was not called as a witness. The court then said: "It had the right to reinstate without examination, in its discretion, and must have known that the collector, whoever he was, had waived it by executing the unconditional receipt in the book, instead of issuing the special conditional receipt, according to the ordinary practice."

Here the acceptance without reservation of premiums in arrears after refusing a partial payment, the failure of the company to notify the parties interested that this payment was not of itself sufficient, or to return the premiums paid after the policy had become subject to forfeiture, although the fact of payment was immediately communicated to the president of the company, the illiteracy of appellee, were all matters proper for consideration by the trial court. These facts were, we think, sufficient to support the finding of a waiver.

The only action by the company claimed to be inconsistent with a waiver was the direction by the company's president to its physician to make a medical examination. This was consistent with the reinstatement clause of the first policy, but was not within any provision of the second policy, which is the one involved in this appeal.

Affirmed.