## BERKSHIRE LIFE INSURANCE COMPANY, Appellant,

v.

## Lucille Angela WHITE, Appellee.

### No. 12170.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 8, 1954.

Decided Nov. 24, 1954.

Mr. John M. Lynham, Washington, D. C., with whom Messrs. Arthur P. Drury and John E. Powell, Washington, D. C., were on the brief, for appellant.

Mr. Raymond Godbersen, Washington, D. C., for appellee.

Before BAZELON, FAHY and DANAHER, Circuit Judges.

PER CURIAM.

We agree with the conclusion of the District Court that the acceptance by the insurer, the appellant, on May 1, 1953, of a check of the insured in an amount, insofar as here material, of a premium for one month,[1] constituted the payment of a premium. We also agree with the finding of the District Court that on May 1, 1953, the policy sued upon was reinstated by this payment and the signing by the insured of the required application for reinstatement. It is true that on May 1 an additional premium was overdue, the payment of which was a condition to reinstatement under the terms of the policy itself, which provided that reinstatement was subject to payment of all overdue premiums. But the actual acceptance of the lesser amount constituted a waiver by the insurer of its right to insist on full payment.[2] The

---

1. The check, dated April 27, 1953, covered also a premium due on another policy not involved in this case.

2. In different factual circumstances this principle of waiver was applied in Provident Life Ins. & Trust Co. of Pennsylvania v. Grant, Mun.App.D.C., 31 A.2d 885; see, also, United Security Trust Co. v. Bond, 16 App.D.C. 579; National Benefit Association v. Elzie, 35 App.D.C. 294; Kansas City Life Ins. Co. v. Davis, 9 Cir., 95 F.2d 952.

insurance accordingly was in effect when the insured died May 8, 1953. For these reasons the judgment awarding to plaintiff below, appellee here, the amount of the policy is

Affirmed.