## Gibson *versus* Commonwealth.

1. The Acts of April 3d 1872 and March 24th 1877, do not make a wife a competent witness for her husband in a case where the husband is on trial for a crime.

2. The provisions of a statute in derogation of the common law are to be construed strictly.

May 31st 1878. Before AGNEW, C. J., GORDON, WOODWARD and TRUNKEY, JJ. SHARSWOOD, MERCUR and PAXSON, JJ., absent.

Error to the Court of Quarter Sessions of *York county:* Of May Term 1878, No. 113.

Indictment for forgery, containing two counts founded on the 178th section of the Penal Code of 1860, found at July sessions 1876, for falsely and fraudulently forging and counterfeiting a cer-

tain promissory note for $1180, purporting to be made by one Hiram Young, payable to the order of Ida Elizabeth Gibson, on the 1st day of April 1877 ; and for fraudulently making and signing the name of said Hiram Young to a certain promissory note for $1180, purporting to be made and signed by said Hiram Young, payable to the order of Ida Elizabeth Gibson, on the 1st day of April 1877. Plea, Not guilty.

Young testified that he " filled up" the note in controversy at the request of Gibson, the defendant, and handed it so filled up to Gibson ; that after this was done Gibson asked him to address an envelope to his wife, Ida Elizabeth Gibson, at Shrewsbury, York county, Pa., Gibson saying that he wanted to sign the note and send it by mail to his wife ; that in compliance with this request Young addressed the envelope to Mrs. Gibson and handed that also to defendant ; that Gibson then left and he heard nothing more about the note until called upon by the holder for payment. Young also testified that he neither signed the note nor authorized any person to sign it for him. He was contradicted by Gibson, who went upon the witness stand in his own behalf. The defendant also called a number of witnesses, who gave their opinions as to the genuineness of the signature to the note, as did also the prosecutor in support of his allegation as to that fact.

The defendant also gave evidence of the consideration of the note arising out of business transactions between Young and himself. He also produced the envelope above alluded to, and then called his wife, and offered to prove " that on or about the 3d day of May 1876, she received at Shrewsbury, York county, by due course of mail, a letter containing the identical note in dispute in this case, to which the name of Hiram Young, the prosecutor in this case, was then affixed in the same manner as the name of the said Hiram Young is affixed to the said note at the time of the submission of this offer."

This offer the court, Fisher, P. J., rejected, and after a verdict of guilty the defendant sued out this writ and assigned this action of the court for error.

*James B. Zeigler* and *W. C. Chapman*, for plaintiff in error.— Under the Act of April 15th 1869, Pamph. L. 30, in civil cases a wife may be called by her husband as a witness, notwithstanding she may be compelled on cross-examination to give testimony against him : Yeager *et al. v.* Weaver, 14 P. F. Smith 425 ; Craig *v.* Brendel, 19 Id. 153 : Ballantine *v.* White, 27 Id. 20. The Act of 1869 was followed by the Act of April 3d 1872, Pamph. L. 34, entitled " An Act to extend the competency of persons to be witnesses in certain criminal cases," and the Act of March 24th 1877, Pamph. L. 45, " to permit defendants to testify in criminal cases." Taking these three acts together, it was manifestly the intent that no

[Gibson *v.* Commonwealth.]

interest nor policy of the law should exclude a party or person from being a witness in any civil proceeding, or on the trial of any misdemeanor or felony, except felonies triable exclusively in the Court of Oyer and Terminer.

The Act of 1869 left the incompetency of defendants in criminal cases where it was before. They are " parties" in the suit. But the Acts of 1872 and 1877 remove their incompetency and make them witnesses. And if the incompetency of " parties" be removed, why should incompetency still adhere to other " persons," not parties ? Manifestly the greatest stretch of the innovation was the admission of " parties" to the proceedings, civil and criminal, to testify in their own behalf. The apparent difficulty in the case is that the Acts of 1872 and 1877 omit the words " or persons," which are contained in the Act of 1869. But we contend that the proper construction of the three acts as one, is to incorporate the enabling provisions of the first into each of the others so as to make them co-extensive and to place the husband and wife on the same footing in criminal proceedings in which they are competent to testify, as they are in all civil proceedings. No apparent reason exists for a distinction between civil proceedings and criminal as to the competency of any other " person" after the party himself is allowed to speak.

*George W. McElroy* and *John Blackford*, for the Commonwealth.—The Acts of 1872 and 1877 do not extend the provisions of the Act of 1869 to witnesses in criminal cases. The Act of 1877 extends a privilege to the person charged with the commission of an offence, at his own request, to testify in his own behalf. By this act the incompetency alone of the accused is removed. He may avail himself of this privilege or not, as he may see fit, and his omission to do so, creates no presumption against him. Whether he be a witness or not, depends entirely upon his own will. It necessarily follows, therefore, that the wife of the accused cannot be a witness unless he so will it. Her right, therefore, to testify, cannot be by reason of any legislative enactment, for if the accused remain silent, no one would pretend to argue that the wife of the accused would be a competent witness under the Act of 1877. The Act of 1877 is in derogation of the common law, and must be construed strictly, and it cannot be made therefore to extend a privilege to persons not designated therein.

Mr. Justice GORDON delivered the opinion of the court, June 10th 1878.

The defendant, who was indicted for forgery, was permitted, under the provisions of the Act of April 3d 1872, as extended by the Act of 24th of March 1877, to testify in his own behalf, but his wife, being offered for the same purpose, was adjudged incompetent. In

[Gibson *v.* Commonwealth.]

this we can discover no error. It is certain that, before the passage of the above-named acts, neither the defendant nor his wife could have been heard to testify in his defence, and that either is qualified so to do depends upon the terms of the statute.

"The *person so charged* shall, at his own request, but not otherwise, be deemed a competent witness," is the language of the enactment, and certainly this does not embrace the wife. In order to meet the demand of the plaintiff in error, we are required to interpolate the words, "and his wife" so as to make the act read: "the person so charged *and his wife* shall, at his own request," &c. We cannot, however, assent to a proposition of this kind, for the reason that, in so doing, we must pass the bounds of judicial power and trespass upon the domain of legislation.

The language used is not doubtful; it is as plain as it is possible to make it, and contains nothing that is in any degree ambiguous. If, however, we found something therein of ambiguity, we would still be constrained to resolve the question against the defendant, for we must, if we would follow the well and long established rule, construe the statute under consideration with reference to the common law, and provisions in derogation of the common law are to be held strictly.

The judgment is affirmed.

Chief Justice AGNEW filed a dissenting opinion.