Opinion by
Rice, P. J.,
1. Although this defendant was named in the libel in divorce as a person with whom the respondent had committed adultery, he was not a party to that suit in any sense of the term. He was simply a witness. “Parties in the larger legal sense are all persons having a right to control the proceedings, to make defense, to adduce and cross-examine witnesses, and to appeal from the decision if any appeal lies:” 1 Greenleaf on Evidence, sec. 535; Walker v. Phila., 195 Pa. 168. This defendant stood in no such relation to the divorce case, and it is an obvious principle of justice, that no man ought to be bound by *43 proceedings to which, he was a stranger. Therefore the learned trial judge was right in holding that the decree in divorce could not be pleaded against the defendant in this action of crim. con. as a conclusive adjudication of the fact of adultery alleged in the libel.
2. The next question to be -considered is as to the competency of the plaintiff in such action to testify in chief to facts occurring before the dissolution of the marital relation by divorce. Although the plaintiff in this case was properly permitted to testify, in rebuttal, in contradiction of some of the witnesses who had testified against him, the learned court held that he could testify, in chief, only to the fact of marriage. We cannot fully concur in this view. The common-law rule which excluded the husband and wife from giving evidence either for or against each other, is founded partly on their identity of interest, and partly on a principle of public policy which deems it necessary to guard the security and confidence of private life: Hitner’s App., 54 Pa. 110. “And,” said Justice Read in that case, “this extends to cases where the marriage is dissolved by divorce or death, and is not confined to confidential communications.” But in the later case of Peiffer v. Lytle, 58 Pa. 386, the same learned justice explained and distinguished Hitner’s Appeal, and recognized and approved the doctrine of Cornell v. Vanartsdalen, 4 Pa. 364, which doctrine has been recognized and approved in many later cases, amongst which may be cited: Robb’s App., 98 Pa. 501; Dumbach v. Bishop, 183 Pa. 602; Homan v. Homan, 12 W. N. C. 86; Strause v. Braunreuter, 4 Pa. Superior Ct. 263; Hood v. Prudential Ins. Co., 22 Pa. Superior Ct. 244; Hayes’s Est., 23 Pa. Superior. Ct. 570. Thus, in Robb’s Appeal, Justice. Sterrett said, the better and more generally received opinion is that the disqualification which remains after the dissolution of the marital relation!, the witness being otherwise competent, is restricted to communications of a confidential nature, and does not embrace ordinary business transactions and conversations in which others *44 have participated. And in Hayes’s Estate we said: “The reason for the rule of the common law which forbade husband or wife to give testimony tending to criminate the other, although not a party to the suit, was the disturbance of the marital relation which would result from the admission of such testimony. Upon the termination of that relation by the death of one of the parties” (or, we now add, the divorce of the parties) “the reason of the rule ceases, except as to confidential communications, and the rule itself as applied to such a case, has not been established or preserved by the act of 1887.” Thus viewing the subject, it is difficult to see what confidential communication would be divulged or domestic confidence be abused by permitting the plaintiff to testify that the defendant was a frequenter of his house, which was the entire offer embraced in the first assignment. But to permit him to testify (fourth assignment) that he quarreled and remonstrated with his wife about the attention paid her by the defendant, would have been clearly in contravention of the principle enunciated in all the cases cited. For obvious reasons having no relation to the rule under discussion, he was not competent, without the source of his knowledge being shown, to testify that the defendant visited his home “in his absence,” and, therefore, the court committed no error in rejecting that offer. Nor was the plaintiff harmed by the ruling complained of in the third assignment, for he had already testified to the fact of divorce and it was undisputed.
3. The Act of May 8, 1907, P. L. 184, provides that in all civil actions brought by the husband, the wife shall be a competent witness in rebuttal when her character or conduct is attacked upon the trial thereof, but only, in regard to the matter of her character or conduct. The plaintiff’s divorced wife was called as a witness by the defendant and was permitted to testify to matters of a confidential nature, tending to repel the attack upon her character and conduct. As to such matters she was undoubtedly a competent witness, but she was so only by *45 virtue of the act of 1907. But that act deals particularly and exclusively with the disability of the wife. There is not the slightest evidence of an intention on the part of the legislature to remove or modify the common-law disability of the husband to testify, either before or after dissolution of the marital relation, to matters of a confidential nature, and it would be an unwarrantable construction that would extend the act so as to accomplish that result, desirable, on the ground of equality, as it might be. Thus, in Gibson v. Com., 87 Pa. 253, it was held that, though the defendant in a criminal case was competent, under the statute, to testify in his defense, yet his wife was not competent. Justice Gordon said: “It is certain that, before the passage of the above-named acts, neither the defendant nor his wife could have been heard to testify in his defense, and that either is qualified so to do depends upon the terms of the statute.” The same general principle as to the abrogation of a common-law rule by statute, that was applied in that case, is applicable here. Doubtless, the legislature considered that there were good reasons for permitting the wife to defend her character and conduct, and not sufficient reason for changing the common-law rule as to the husband. At any rate, it was a legislative question, and it is not our province, under the guise of construction, to extend the statute beyond its plain words and intent. Hence, we conclude that the plaintiff, in such an action as this, is not competent to divulge, by his testimony in rebuttal, matters of a confidential nature, even though his divorced wife has testified in behalf of the defendant to the same matters. But we cannot agree that the common-law rule is violated by permitting him merely to deny that he said this or that to his wife in the presence of others, or that a quarrel took place between them, under like circumstances, when such fact has been testified to by the defendant’s witnesses, the plaintiff’s divorced wife being one of them. This distinction is recognized in Robb’s Appeal, 98 Pa. 501, and other cases.
*46 4. The defendant introduced testimony which he contended would warrant a jury finding that the plaintiff had immoral relations with a young girl, that this was the subject of frequent quarrels between him and his wife, and that this, and not the cause assigned in the declaration, was the cause of his loss of his wife’s affections and of her comfort, aid and society of which he complained. We cannot say that this evidence was inadmissible, under the pleadings, for the purpose stated, even though it might not amount to a complete defense. See Gilchrist v. Bale, 8 Watts, 355. It is to be noticed that the evidence went farther than to show that they quarreled about the girl. There was evidence that the immoral relations which were the subject of the quarrels actually existed, and it needs no argument to show that such evidence, if uncontradicted, would be very hurtful to the plaintiff’s case. Hence, there was error in rejecting the plaintiff’s offer in rebuttal to prove by the girl herself that the charge was untrue.
Some other minor questions are raised by the assignments of error, which we have duly considered but do not deem it necessary to discuss in detail. We have stated our views upon the main questions, and the grounds upon which we conclude the case must be sent back for retrial. The first, sixth and eighth assignments of error are sustained. All of the others are overruled.
Judgment reversed and venire facias de novo awarded.