## HOME BENEFICIAL ASS'N v. LOMAX.

(Court of Appeals of District of Columbia. Submitted February 5, 1925. Decided March 2, 1925.)

No. 4112.

1. **Insurance ☜547—Provision of policy requiring doctor's notice of disability held reasonable, and notice by insured after recovery insufficient.**

Provision of policy that sick benefits should commence "when the doctor's written notice of disability * * * is received, * * * and as evidence of the association's liability for weekly benefits it requires a doctor's certificate on its own blanks at the end of each week of incapacity," held reasonable and applicable, whether or not there was a physician in attendance, and notice by insured personally was insufficient.

2. **Insurance ☜362—Forfeiture of policy for nonpayment of premiums held justified, notwithstanding agent's failure to collect.**

Provision for forfeiture of policy for nonpayment of premiums held reasonable, and forfeiture justified, notwithstanding failure of insurer's agent to call for premium, where policy provided: "The collecting of premiums is a matter of courtesy, and will not be accepted as an excuse for nonpayment. * * *"

3. **Insurance ☜146(3)—Provisions of policy affecting payment of premiums and forfeiture held not in such language as to require construction favorable to insured.**

Provisions that, "if weekly premium were four Mondays in arrears, it should lapse," and "the collecting of premiums is a matter of courtesy, and will not be accepted as an excuse for nonpayment, * * *" held not in such doubtful language as to call for construction favorable to insured.

Error from the Municipal Court of the District of Columbia.

Action by Bathurest Lomax against the Home Beneficial Association. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

J. A. O'Shea, of Washington, D. C., for plaintiff in error.

W. W. Millan and R. E. L. Smith, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Defendant in error, plaintiff below, sued defendant company in the municipal court of the District of Columbia to recover the sum of $80, representing weekly benefits under a policy of insurance. From a judgment in favor of the plaintiff, the case comes here on writ of error.

It appears that on April 18, 1921, plaintiff took out a policy of insurance with the defendant company, under the provisions of which he was to receive $10 a week when totally incapacitated by sickness or accident from performing or giving any attention whatsoever to his usual or other occupation, and so as to be confined in his bedroom. The contract provided that the benefit should "commence from the date when the doctor's written notice of such disability, given on forms provided by the association, is received at the office of the association, and as evidence of the association's liability for weekly benefits it requires a doctor's certificate on its own blanks at the end of each week of incapacity."

It appears that for a short period plaintiff was under the charge of a doctor, who furnished a certificate upon which plaintiff recovered the benefits allowed him under the policy. Shortly thereafter he had a relapse, when, it is alleged, he was disabled from the performance of his duties, and was confined to his home, but was not under the supervision of a physician. Upon recovering from

his indisposition, he notified the company. The company refused payment, and in turn notified him that his policy had lapsed.

[1] The first question involves the notice given the company of the illness of the plaintiff. It is contended that the provision of the policy is only applicable where there is an attending physician, but that, in the absence of an attending physician, the notice may be given by the insured, as was done in this case. We think the contract will not admit of this construction. The requirement of a physician's certificate in all cases is not an unreasonable one. It is for the protection of the company against being defrauded, and the language of the contract is sufficiently clear to require such a certificate in every instance. The plaintiff is presumed to know and understand the terms and conditions of the contract, and is chargeable with any damage he may sustain as the result of his failure to comply with those conditions. We think, therefore, that the terms of the contract in this particular are sufficiently clear and express to require its strict enforcement.

[2] Coming now to the question of forfeiture and the lapse of the policy, the policy, among other things, provides as follows: "If the weekly premium on this policy be four Mondays in arrears, it shall thereupon become void and lapsed, and all the premiums paid hereon shall be forfeited to the association; but said policy may be revived upon payment of all arrears and satisfactory evidence of the insurability of the applicant at the time of revival, when such applicant shall be entitled to benefits, only after two weeks from the date of revival, provided said applicant shall be in good health prior and up to two weeks after such revival."

It appears that the agent of the company was in the habit of collecting the weekly dues at the place of plaintiff's employment, a transfer and storage company in this city. When the collector called for the weekly installment, he was informed that plaintiff was sick and could be found at his place, No. 2414 N street, and that the agent would have to collect there. No further collections were made, the agent failing and refusing to go to plaintiff's place of residence for that purpose. The dues becoming in default for more than four weeks, the policy was declared forfeited, and there has been no revival.

It is urged that the company was not justified in forfeiting the policy, for the reason that the collecting agent had failed to make collection as had been the custom and as he was required to do. But again we are con-

fronted with a very express and positive provision of the contract as follows: "The collecting of premiums is a matter of courtesy, and will not be accepted as an excuse for nonpayment, as all premiums can be paid at the association's office daily, excepting Sunday or legal holidays." These provisions of the policy, both as to forfeiture and to the payment of premiums, are clear and express. Neither of them is unreasonable. Nor are they in such doubtful language as to call for construction.

[3] There is no reason here for the application of the rule of law that contracts of insurance will be construed liberally in favor of the insured and strictly against the insurer. The negligence of the insured in this case, or those representing him, in not looking into the express terms of the contract and complying strictly therewith, is such as to preclude his right of recovery.

The judgment is reversed, with costs, and the cause is remanded for a new trial.