**BOWERS v. WASHINGTON TIMES CO., Inc., et al.**

**No. 5685.**

Court of Appeals of the District of Columbia.

Argued March 7, 1933.

Decided April 17, 1933.

Wm. B. Wright, of Washington, D. C., for appellant.

Wilton J. Lambert, Geo. D. Horning, Jr., and Frank F. Nesbit, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and GRONER, Associate Justices.

MARTIN, Chief Justice.

This action was commenced in the lower court by Charles W. Bowers, administrator of the estate of Robert L. Bowers, deceased, against the Washington Times Company, and

the Continental Life Insurance Company, jointly and severally, to recover the sum of $10,000 for their alleged failure to insure, or cause to be insured in that amount, the life of Robert L. Bowers, who died by accidental means on September 6, 1927.

It appears that during the month of June 1927 in the District of Columbia, the Washington Times, a daily newspaper, published an advertisement reading in part as follows: "Protect your family. Insure your life. One dollar provides protection for $10,000 to subscribers of the Washington Times and the big Sunday Washington Herald. A new and better accident policy in the Continental Life Insurance Co. (St. Louis, Mo.). For loss of life, $10,000. For loss of both eyes, $10,000. For loss of both hands, $10,000. For loss of both feet, $10,000. For loss of one hand and one foot, $10,000. For loss of one hand and sight of one eye, $10,000. For loss of one foot and sight of one eye, $10,000. For loss of one hand, $2,500. For loss of one foot, $2,500. For loss of one eye, $2,500. For loss of time per week, $20.00. With other provisions."

The advertisement set out an offer to furnish an accident policy to subscribers of the Times, to be issued by the Continental Life Insurance Company of St. Louis, Mo., who paid $1 and subscribed for the paper for a period of one year, and regularly paid the subscription rate of 15 cents per week for it. According to the advertisement this offer was made on the part of both defendants in this case.

It appears that Robert L. Bowers, on June 25, 1927, applied for such an accident policy for the protection of himself and his estate, according to the terms of the advertisement. He paid the sum of $1 and signed the subscription in accordance with the requirements. A receipt was thereupon delivered to him for $1 as registry expense on the "$10,000 Continental Travel and Pedestrian Accident Insurance Policy," with the statement that it was issued to its subscribers by the Washington Times and Herald under the terms and conditions stipulated in said policy. The receipt also contained the statement that, if Bowers did not receive the policy within three days from the date of the receipt, he should immediately notify the insurance department of the Washington Times and Herald. No policy, however, was issued to him, the subscription being overlooked by mistake, and it does not appear that he ever applied for one after the date of his receipt. Afterwards, on September 6, 1927, Bowers, while riding in a private automobile of an exclusively pleasure type, was killed as the result of the wrecking and disablement of the car.

The plaintiff, Charles W. Bowers, was thereupon appointed administrator of the decedent's estate, and, upon demand made by him upon the Times Company, a policy was sent to him entitled "Travel and Pedestrian Accident Policy Issued Through Arrangement with Washington Times and the Washing Herald," and was such as was referred to in the receipt given to the decedent. In and by this policy the defendant Continental Life Insurance Company insured Bowers in various amounts against death or disability resulting directly from bodily injuries occurring from different kinds of accidents. Under its terms the sum of $10,000 was to be paid upon the death of the insured if caused by the wrecking of any railroad passenger car, steamship, licensed ferryboat, street car, elevated or subway car, if the insured was a fare-paying passenger thereon. However, it was provided by the policy that the sum of only $500 would be paid if death resulted from the wrecking or disablement of any private automobile of the exclusively pleasure type in which the insured was riding or driving, and this is the provision of the policy which covers the manner in which Bowers actually met his death.

The plaintiff refused to receive the policy thus tendered him and brought the present action. The declaration contained four counts. The plaintiff elected to go to the jury on counts 1 and 3, and consented to the granting of a directed verdict for the defendants on counts 2 and 4. Count one claimed damages from the defendants in the sum of $10,000 upon the allegation that they were bound within a reasonable time to deliver to the plaintiff's intestate a policy of insurance, insuring him in the sum of $10,000 against loss of life incurred by accidental means, and this it was alleged the defendants had failed to do. The third count demanded damages in the sum of $10,000 because of the negligence of the defendants in failing to use ordinary diligence and care to insure the life of decedent in the sum of $10,000 in his lifetime, as they were bound by contract to do. Each count set out the facts which entitled decedent to receive such a policy, as well as his accidental death.

The case was tried to the jury, and, at the close of the evidence, each of the several parties requested the court for a directed verdict. The court thereupon directed the jury to return a verdict for the Washington Times,

upon each and all of the counts contained in the declaration; and in favor of the Continental Life Insurance Company upon the first, second, and fourth counts contained therein; and a verdict against the Continental Life Insurance Company in the sum of $500 upon the third count. Judgment was rendered accordingly, and the present appeal was taken by the plaintiff. The Continental Life Insurance Company did not appeal.

The real issue in the present case is whether the defendants were bound under the circumstances to deliver to the decedent an accident policy insuring his life in the sum of $10,000, regardless of the character of the accident by which he might come to his death. It is contended by appellant that the advertisement plainly conveys the impression that such policy would be issued in return for the payment of $1 and the subscription for a year to the Washington Times requiring the payment of 15 cents a week upon the subscription. Appellant contends that, inasmuch as the advertisement contains the statement "for loss of life $10,000," the applicant was given thereby to understand that this sum was to be paid upon the accidental loss of life of the insured whatever might be the character of the accident causing the death. Appellant accordingly claimed a recovery in that amount.

We cannot sustain this contention. The advertisement sets out in a prominent manner that the policy in question would contain other provisions. The insured was thereby notified that he should examine the policy in order to fully acquaint himself with its terms.

It appears that the policy which was tendered to appellant after the death of decedent was of the standard type and form issued by the defendants in such transactions and referred to in the receipt which decedent received in his lifetime. There was no fraud or concealment in the character of the policy, nor were the terms of the advertisement such as to mislead any reasonably careful person. As a result the company was bound upon the death of the insured under the circumstances to pay no more than $500 upon the policy. The charges made in the first and third counts of the declaration are accordingly answered by the fact that, if the policy had been delivered to the insured during his lifetime, it would have contained the terms upon which the defendants rest in the present case.

It appears that the policy was not sent to the applicant in his lifetime, but it also appears that he made no application for it such as was provided for in the terms of his receipt. In view, therefore, of the fact that the amount of $500 has been recovered from the insurance company in this case, and that this sum represents the actual amount which the estate of the insured was entitled to recover upon the policy according to its terms, no prejudice has resulted from the failure of the company to send the policy to the insured in his lifetime.

The judgment of the lower court is therefore affirmed, with costs.