468

PEOPLES LIFE INS. CO. v. GOFFS.

No. 108.

Municipal Court of Appeals for the
District of Columbia.

Nov. 1, 1943.

William T. Hannon, of Washington, D.
C. (Austin F. Canfield and Joseph F. Cas-
ticllo, both of Washington, D. C., on the
brief), for appellant.

William C. Murphy, of Washington, D.
C., for appellee.

Before RICHARDSON, Chief Judge,
and CAYTON and HOOD, Associate
Judges.

HOOD, Associate Judge.

This is an appeal from a judgment for
plaintiff in an action on an industrial life
insurance policy. The policy was issued in
1941, and named Bessie E. West as the
insured. The plaintiff below was named
as beneficiary. The insured died in 1942.

The defense was based on the following
provision of the policy:

"7. Limitations of Insurance: The lia-
bility of the Company under this Policy
shall be limited to the amount of pre-
miums paid hereon if any industrial or
weekly premium Policy previously issued
by this Company on the life of the Insured
shall be in force hereof or running as Paid-
up Insurance, unless this Policy bears an
endorsement signed by the President, Vice-
President or Secretary authorizing its con-
tinuance in addition to such previously is-
sued insurance. The Company shall not
be presumed or held to know of the issue
of any previous Policy."

It was admitted that in 1930 defendant
issued a policy in which Bessie White was
named as the insured and Eugene Ford as
beneficiary, that Bessie E. West and Bessie
White were the same person and that pay-
ment in full of the 1930 policy was made
by defendant. It was also admitted that
the 1941 policy bore no endorsement au-
thorizing its continuance in addition to the
previously issued policy.

Defendant contended that by reason of
the existence of the 1930 policy its liability
under the 1941 policy was limited to the
amount of premiums paid thereon. It ten-
dered the amount of premiums to the plain-
tiff who accepted it and signed a release
purporting to be a full discharge of any
claim on the policy. Plaintiff thereafter
brought action for the face value of the pol-
icy, less the amount of premiums already
paid to her.

In view of the admitted facts the quoted
provision of the policy was effective unless
defendant is barred from asserting it by
reason of its invalidity or waiver.

Plaintiff argues that the provision is in-
valid and unenforceable because it is un-

reasonable and against public policy. To support the reasonableness of the provision, defendant offered proof that it has in force over 700,000 policies of this type of life insurance; that the average weekly issue by it of such policies is more than 4,500; that not more than one-tenth of the policies issued are kept in force an appreciable time and due to the numbers currently issued and cancelled the policies are recorded by number and not by name; that the cost of alphabetical listing of the policies by names would be prohibitive in this type of insurance, and would not be practicable because many of the insured spell their names phonetically and with variances; that it is the general custom of companies writing this type of policy to list, identify and record the policies by number alone; that no premium statements are mailed but premiums are collected weekly by collectors; that this type of life insurance policy is issued without a physical examination and it is necessary to limit the risk incurred, and the purpose of the aforementioned provision is to prevent overinsurance of one person.

There was also evidence that there was no notice to any official of defendant at the time of issuance of the policy on the life of Bessie E. West that one was then in existence on the life of Bessie White, nor did they have knowledge prior to her death that Bessie E. West was the same person as Bessie White; that the agent who collected on the 1930 policy collected from Eugene Ford, the beneficiary, and did not know Bessie White or know that she was the same person as Bessie E. West; that the agent who collected on the 1941 policy collected from Bessie E. West and did not know that she was also known as Bessie White and had another policy with the company under that name.

■ It is well established in this jurisdiction that a liberal policy should be adopted by the courts in favor of policy holders of industrial life insurance,[1] but it is equally well established that the rule of liberal construction has no application where the contract is clear and definite.[2]

■ The provision in question was printed in large clear type and its meaning and effect are plain. The insured is presumed to know and understand the terms and conditions of the policy.[3] Indeed, appellee makes no contention that the wording is ambiguous or not understandable.

■ We find nothing unreasonable in defendant undertaking to limit its risk in this manner. The wisdom and necessity of some limitation, where no physical examination is required, is illustrated by the fact insured in the instant case died of a malignant disease within less than a year of the issuance of the second policy. Nor can we hold that recording policies by number instead of by name in this type of insurance is improper practice. Even an alphabetical list by name would not have served in this case to give notice to the company of two existing policies on the same person, since one would have been listed as White and the other as West.

Similar clauses in this type of insurance policy have been upheld by recent and well reasoned cases.[4] These authorities point out that such a provision is not a forfeiture clause, for it does not attempt to void the policy but instead limits liability or provides an alternative obligation in the event of another existing policy with the same company.

■ Did acceptance of premiums for eleven months after issuance of the policy act as a waiver of the questioned provision? We think not. "The continued acceptance and receipt of the premiums by defendant, being entirely consistent with the existence of such alternative obligation, did not act as a waiver nor operate to estop the defendant from relying on the conditions." Pisker v. Metropolitan Life Ins. Co., supra [115 N.J.L. 582, 181 A. 34, 101 A.L.R. 1133].

■ This is not the case of a representation made to obtain the policy. No

1 Eureka Life Insurance Co. v. Hawkins, 39 App.D.C. 329; Provident Life Ins. Co. v. Grant, D.C.Mun.App., 31 A.2d 885.

2 Home Beneficial Ass'n v. Lomax, 55 App.D.C. 216, 4 F.2d 292; United States Shipping Board Merchant Fleet Corporation v. Aetna Casualty & Surety Co., 68 App.D.C. 366, 98 F.2d 238.

3 Home Beneficial Ass'n v. Lomax, supra.

4 Pisker v. Metropolitan Life Ins. Co., 115 N.J.L. 582, 181 A. 31, 101 A.L.R. 1133; Helm v. Sun Life Ins. Co., 141 Md. 326, 118 A. 755, 27 A.L.R. 957; Kizer v. Life & Casualty Ins. Co., 169 Tenn. 605, 90 S.W.2d 513; Hood v. Prudential Ins. Co., 22 Pa.Super. 244; Id., 26 Pa.Super. 527; Harris v. Bankers' Health & Life Ins. Co., 40 Ga.App. 678, 150 S.E. 856.

claim is made that the insured misrepresented any fact. The defendant merely relies on a condition of the contract, and we see no reason why this provision is not enforceable in the same manner as other provisions of the contract.

The foregoing makes it unnecessary to consider the effect of the release executed by plaintiff.

Reversed.

CAYTON, Associate Judge (concurring).

My vote is for reversal, but I think such reversal should be on the sole ground that because deceased had used different names in the two policies, appellant could not know of the identity of parties, and had no opportunity to approve or disapprove the issuance of the second policy.