## WALKER v. SUPERIOR LIFE INS. CO., Inc.

### No. 681.

Municipal Court of Appeals for the District of Columbia.

Nov. 10, 1948.

Nathan M. Brown, of Washington, D. C. (Samuel B. Brown and Benjamin B. Brown, both of Washington, D. C., on the brief), for appellant.

Milton Conn, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Defendant issued a policy insuring the life of Murvin Jackson and five days later he died of a heart attack. His sister, plaintiff below, was beneficiary of the policy and as such made claim thereon. Defendant rejected the claim on the ground that the insured had died of heart disease which was one of the five diseases excluded from the coverage contracted for in a "Limitation of Liability" clause in the policy. Plaintiff's suit on the policy was decided against her and she brings this appeal.

On the outside or cover page of the policy appear the words "Immediate Full Benefit," together with other brief descriptive matter. Inside the policy, in the boldest type of any text matter therein, is a paragraph reading:

"Limitation of Liability. The insurance under this Policy does not cover death caused by heart, kidney or venereal diseases, apoplexy or tuberculosis in any form contracted at any time before or within the 1st year from the date of this Policy * * *."

In the trial court and here as well appellant has contended that the legend "Immediate Full Benefit" on the outside or cover page of the policy is in conflict with the express provisions within the policy making death by heart disease noncompensable. The trial judge in his memorandum finding said:

"* * * there is no such ambiguity in the use of the printed phrase 'Immediate Full Benefit' on the face of the life insurance policy, either arising from the size and character of the printing or from the

words used, as to require this Court to hold as a matter of law that the entire plainly printed paragraph entitled 'Limitation of Liability' to be void and of no effect as to this plaintiff, beneficiary named in said policy."

We agree that there is no such ambiguity here as to require us to construe the policy in such a way as to make the insurer liable. "Immediate Full Benefit," as here used, can mean nothing more than that the full amount of the policy will be paid immediately upon death. It does not make the policy incontestable or require that the amount thereof be paid regardless of the cause of death. This meaning we think should be plain not only to judges but to the layman as well. This is not a case where "insurance expertise"[1] or equivocal legal language has been wrought into a policy in such a manner as to confuse or mislead the assured. Had he opened it up[2] he would have found in an arresting, prominent position on the second page (there being less than three full pages of text) the express exclusion of liability we have mentioned. The exception or exclusion being so plainly and unmistakably expressed, and being so clearly applicable to the facts of this case, we must guard against "loose and ill-considered interpretations"[3] which would distort the express language of the policy in order to create liability where none exists in law or in fact. Appellant argues that because this was a so-called industrial policy it should be liberally construed in favor of the insured. But we are clear in our belief that even under such a construction of the policy in suit we cannot find liability in this case.

▇ Plaintiff also says there was error in refusing to permit her to testify concerning conversations she had with the soliciting agent of the insurance company concerning the phrase "Immediate Full Benefit." We think the ruling was correct. The policy provides:

"The Contract. This Policy, the endorsements hereon and the riders attached hereto constitute the entire Policy. Its terms may not be changed or waived, except by endorsement hereon or rider attached hereto, signed by the President or the Secretary."

There is no question that a company may thus limit the authority of an agent and that he cannot bind his company by attempting to act beyond such limited authority.[4] Here on appellant's own statement the representation sought to be proven was not that of a general agent, but of a mere solicitor who has no authority to contract for the company and certainly none to vary the terms of the insurance coverage.[5] Certainly this is no less true where, as here, the attempted modification was a verbal one.[6]

Affirmed.

[1] Hayes v. Home Life Insurance Co., App.D.C., 168 F.2d 152.

[2] Compare Bowers v. Washington Times Co., 62 App.D.C. 112, 65 F.2d 200, where it was held that a newspaper advertisement offering $10,000 worth of insurance coverage which contained at the end of a description of the maximum benefits of the policy the phrase "with other provisions" sufficiently warned the buyer as to the necessity of looking into the other provisions.

[3] Williams v. Union Central Life Ins. Co., 291 U.S. 170, 54 S.Ct. 348, 78 L.Ed. 711, 92 A.L.R. 693; See also Julius v. Metropolitan Life Ins. Co., 299 Ill. 343, 132 N.E. 435, 17 A.L.R. 956.

[4] Silverman v. New York Life Ins. Co., 65 App.D.C. 29, 79 F.2d 154; 16 Appleman, Insurance Law and Practice § 9162.

[5] Hartline v. Mutual Benefit Health & Accident Ass'n, 5 Cir., 96 F.2d 174; Resnick v. Wolf & Cohen, Inc., D.C.Mun. App., 49 A.2d 809, 86; 16 Appleman, Insurance Law and Practice, §§ 9161 to 9170.

[6] 16 Appleman, Insurance Law and Practice, §§ 9201, 9206, 9213.