### NEW AMSTERDAM CASUALTY CO. v. FROMER.
### No. 947.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 6, 1950.

Decided Sept. 27, 1950.

Richard W. Galiher, Washington, D. C., with whom Julian H. Reis, Washington, D. C., was on the brief, for appellant.

Cary McN. Euwer, Washington, D. C., with whom John B. Huffaker, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Claiming under a "medical payments" clause of his liability policy a motorist sued his insurance company for injuries he sustained on the highway. He was awarded judgment and the insurance company appeals.

The facts were stipulated below and here. The policy provision on which recovery was based is in part as follows:

"Coverage C—Medical Payments

"To pay to or for each person who sustains bodily injury, caused by accident, while in or upon, entering or alighting from (1) the automobile, if the injury arises out of a use thereof which is insured for bodily injury liability and is by or with the permission of the named insured * * *."

The stipulated facts as shown by plaintiff's statement were these: "* * * Friday, December 26, 1947, at about 8:30 A.M., I was involved in an accident and sustained a broken left leg. * * * The road was very icy and I pulled to the right curb and while pulling to the curb I thought I struck another auto. I stopped at the curb and got out of my car and walked back to the driver of the car I thought I struck. I was informed that I did not hit the other car and was walking back to my parked car (to enter same EPF) and when about 6 feet or less from the back of my car I was struck by another car and thrown against the rear bumper of my parked car * * *."

From the above quoted recitals it will be seen that the question is whether the plaintiff is entitled to coverage under the provision which limited his right to medical expenses for injuries sustained "while in or upon, entering or alighting from * * * the automobile * * *." In a memorandum opinion filed in the case, the trial judge held that the quoted language was ambiguous and hence subject to liberal construction. With special emphasis on the purpose and intent of the plaintiff at the time of the accident as the decisive factor, the court concluded that "* * * the act of the insured may be said to have been that of 'entering' the automobile." Appellant assigns as error the holdings that the terms of the policy are ambiguous and that the insured was "entering" the automobile when injured.

■ It is true that where it can fairly be said that language in an insurance policy is of an uncertain meaning all doubts must be resolved in favor of the insured.[1] But it is equally true that where the language is clear and definite there is no reason to apply the rule of liberal construction.[2]

■ We cannot agree that the controlling terms of the policy are doubtful in meaning. Viewed in their context and applied to the instant facts we think the words "while in or upon, entering or alighting" are plain and unambiguous, and that the trial court erred in holding otherwise. Hence the case must be tested and decided according to the ordinary meaning that common speech imports,[3] and not by resort to the rule of liberal construction.

1. Phoenix Mut. Life Ins. Co. of Hartford, Conn. v. Flynn, 83 U.S.App.D.C. 381, 171 F.2d 982; Stinson v. New York Life Ins. Co., 83 U.S.App.D.C. 115, 167 F.2d 233; Carter v. Provident Ins. Co., 74 App. D.C. 348, 122 F.2d 960; Pennsylvania Indemnity Fire Corp. v. Aldridge, 73 App.D.C. 161, 117 F.2d 774, 133 A.L.R. 914; Gerrity v. Charter Oak Fire Ins. Co., D.C.D.C., 82 F.Supp. 631, affirmed, D.C.Cir., 181 F.2d 614, certiorari denied, 339 U.S. 949, 70 S.Ct. 805.

2. Williams v. Union Central Life Ins. Co., 291 U.S. 170, 54 S.Ct. 348, 78 L.Ed. 711, 92 A.L.R. 693; United States Shipping Board Merchant Fleet Corp. v. Aetna Casualty & Surety Co., 68 App.D.C. 366, 98 F.2d 238; Home Beneficial Ass'n v. Lomax, 55 App.D.C. 216, 4 F.2d 292; Capital City Life Ins. Co. v. Saunders, D.C.Mun.App., 65 A.2d 588; Peoples Life Ins. Co. v. Goffs, D.C.Mun.App., 34 A.2d 468.

3. Aschenbrenner v. United States Fid. & G. Co., 292 U.S. 80, 85, 54 S.Ct. 590, 78 L.Ed. 1137.

Plaintiff, in his bill of particulars, asserted his right to "Coverage C" expressly on the claim that he was "entering" his automobile when he was struck. In his memorandum the trial judge upheld this precise claim. Thus we need only consider the application of the term "entering" to the facts presented, and we have no occasion to pass upon the areas of coverage conferred by the additional terms "in or upon" and "alighting." We note that such terms as "in" "on" "within" and "upon" as contained in accident policies have frequently been litigated, while "entering" and "alighting" have been in issue very few times.[4]

Among the three reported cases to which we have been cited, involving the same or similar "medical indorsement" clause as that now before us, we are most impressed with the logic and approach of Ross v. Protective Indemnity Co., 135 Conn. 150, 62 A. 2d 340, 341. There an automobile had stopped temporarily on a highway and the occupants were standing at the rear of the vehicle conversing when they were struck by another car. Recovery under a policy containing language nearly identical to that in the case at bar was denied, the court saying that "to hold that this was part of an act in alighting or in entering the car would be * * * 'so distorting (the words) as to accord a meaning other than that evidently intended by the parties.' "

We think this is the correct view of the matter and we also think, as we have said before (in considering an industrial life policy), that courts should guard against "loose and ill-considered interpretations" which would distort the express language of a policy in order to create liability where none exists in law or in fact. Walker v. Superior Life Ins. Co., D.C.Mun.App., 62 A.2d 192, citing Williams v. Union Central Life Ins. Co., 291 U.S. 170, 54 S.Ct. 348, 78 L.Ed. 711, 92 A.L.R. 693. See also Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 492, 52 S.Ct. 230, 231, 76 L.Ed. 416, where the Supreme Court held that the rule

of liberal construction "furnishes no warrant for avoiding hard consequences by importing into a contract an ambiguity which otherwise would not exist".

Plaintiff strongly relies on Madden v. Farm Bureau Mut. Automobile Ins. Co., 82 Ohio App. 111, 79 N.E.2d 586, and Lokos v. New Amsterdam Casualty Co., 197 Misc. 40, 93 N.Y.S.2d 825. These, like the Ross case, supra, involved construction of the same type of limitation as we have here. It is evident that these two cases, especially the Madden case, had great weight with the trial judge.

In the Madden case [82 Ohio App. 111, 79 N.E.2d 588] the insured had stopped on the road to change a tire and was struck while "leaning forward with the upper part of his body and arms in the rear [trunk] compartment of the automobile". There the insured was partly "in" the automobile and the inference was strong that he was in actual contact with it when struck. The Lokos case (decided by the Municipal Court of the City of New York) involved the same "medical payments" provision but a distinctly different fact situation than that here presented. There the insured had alighted to fix his front bumper and the accident occurred "while he was leaning over the car with the bumper in his hands". [197 Misc. 40, 93 N.Y.S.2d 826.] The court held that this brought him within the meaning of being "upon" the car. We think it is clear that neither of these cases supports plaintiff's position, and that we need elaborate that statement no further.

Our search reveals only one early insurance case containing a definitive reference to the verb "entering" used in a context similar to that of the provision here under study. There "entering" a public conveyance was referred to simply as the act of getting on.[5] Paraphrasing one of the dictionary definitions of the word "enter" we find that "entering" is said to be the equivalent of coming or going into; passing into the interior of; passing within the outer

4. See cases collected in 138 A.L.R. 404; 45 C.J.S., Insurance, § 770; 29 Am.Jur., Insurance, Sec. 966.

5. Sawtelle v. Railway Pass. Assur. Co., C.C.N.Y.1878, 21 Fed.Cas. pages 555, 556, No. 12,392.

cover or shell of; penetrating; piercing. Webster's New International Dictionary, 2d Edition.

■ Applying these word meanings **to** the present situation we are clear that plaintiff was plainly not "entering" his automobile when his injury occurred. According to his own statement he was approximately six feet to the rear of his automobile when struck down. True he says he was in the act of walking toward his automobile "to enter same." But the most that can be said for this activity is that he was *approaching* the vehicle for the *prospective* purpose of "entering." We cannot agree that an intent to enter converts an act of approaching into an act of "entering."

We limit the scope of our ruling to the facts of this case. We do not venture to speculate as to what the legal situation would be if other varying circumstances were found to exist.

Reversed, with instructions to enter judgment for defendant.