UNITED SERVICES LIFE INS. CO. v.
RINGSDORF.

No. 1248.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 3, 1952.

Decided Oct. 23, 1952.

Neil Burkinshaw, Washington, D. C.,
Dennis Collins, Washington, D. C., on the
brief, for appellant.

Paul C. Warnke, Washington, D. C., for
appellee.

Before CAYTON Chief Judge, HOOD,
Associate Judge, and MALLOY, Associate
Judge of Municipal Court, sitting by desig-
nation.

CAYTON, Chief Judge.

In December, 1939 appellant insurance
company issued a policy on the life of ap-
pellee, an army officer. In June, 1941 a
rider was attached thereto providing for
the waiver of premiums in the event the
insured became disabled. In January, 1945
insured was retired from the Army because
of total and permanent disability, resulting
from migraine headaches and arthritis. He
presented proofs of his disability to the in-
surance company, but his claim for waiver
of premiums was rejected on the ground
that the disabling disease had commenced
prior to the issuance of the policy. In
November, 1949 he brought suit against the
insurance company demanding certain gen-
eral relief, and specifically the return of the
premiums he had paid during the period

of his disability. The suit was resisted on the ground that his disability existed long before the issuance of the policy and the disability rider.

Trial was by jury, and after the overruling of a defense motion for instructed verdict, the court submitted the case to the jury on two interrogatories, reading as follows: (1) "Do you find as a fact that the plaintiff, that is, Colonel Ringsdorf, is wholly disabled by injury or disease?" (2) "Do you find as a fact that the plaintiff, Colonel Ringsdorf, has become and is wholly disabled by injury or disease commencing subsequent to the date of issuance of the policy?" The jury answered both interrogatories "Yes," and based on their verdict, judgment was entered for plaintiff for $2331.20, an amount based on computations agreed to by counsel for both parties.

Bringing this appeal, the insurance company asks us to rule that the trial judge erred (1) in refusing to direct a verdict in its favor, and (2) in submitting to the jury an instruction as to a supposed ambiguity, which we shall discuss later.

■ 1. Without attempting to recite the evidence in detail, we rule that it was sufficient to entitle plaintiff to go to the jury. It is true that there was considerable evidence supporting the defense that plaintiff was suffering from migraine headaches long before the policy was issued to him, and that some of the evidence, including medical reports, tended to show that he had been subject to that ailment since childhood. But there was also evidence from which the jury might reasonably have found the contrary. There was in evidence a commendation from plaintiff's superior officer, dated December 1, 1941, praising him for the superior performance of his duties, and reciting that

"In the performance of the various duties assigned, you have shown exceptional ability to work rapidly and accurately under great pressure, demonstrating also the ability to grasp and apply a sound knowledge of a highly technical subject. I take great pleasure in commending you for the superior performance of your duties."

Plaintiff himself testified to the difficult and arduous assignments he had carried out in training troops in the field. He admitted that he had experienced headaches at various periods in his life, but said that he "had never had severe or frequent headaches"; that they were "never disabling"; and that prior to 1939 he had no "severe sick headaches." He also said that his health was excellent when he applied for the policy in December, 1939, and also between that time and the issuance of the disability rider in June, 1941. We think that applying the usual tests in favor of plaintiff and against defendant's motion [1] the trial judge could not properly have ruled as a matter of law against the plaintiff, but was required to submit to the jury the factual issue as to whether he had become "disabled by injury or disease commencing subsequent to the date of the issuance of the Policy." There was substantial evidence on which to base a jury verdict for plaintiff.

2. The second assignment of error concerns that part of the judge's charge which told the jury:

"Contracts of insurance are to be construed strictly against the insurance company and liberally in favor of the insured, and any ambiguity or any doubt as to the meaning of any phrase or provision contained in the insurance policy, if any ambiguity or doubt should exist, must be construed in favor of the insured. The reason behind this rule is that the words of the insurance policy are selected and written by the insurance company."

In that connection we must consider the language of the rider or "supplemental contract" which provides in pertinent part: "upon due proof that * * * the In-

1. Jackson v. Capital Transit Co., 69 App. D.C. 147, 99 F.2d 380, certiorari denied, 306 U.S. 630, 59 S.Ct. 464, 83 L.Ed. 1032; Bell v. Brown, 76 U.S.App.D.C. 5, 128 F.2d 317; Baltimore & O. R. Co. v. Postom, 85 U.S.App.D.C. 207, 177 F.2d 53.

sured has become and is wholly disabled by injury or disease commencing subsequent to the date of issuance of the Policy to such an extent that he is then, and has been for not less than six months, unable to engage in any occupation or employment for remuneration or profit, the following benefits will be granted:" (reciting them).

Plaintiff contends that " * * * wholly disabled by injury or disease commencing subsequent to the date of issuance of the policy * * *" is ambiguous because it is not clear whether "commencing subsequent to the date of issuance" refers to the disability, or to the injury or disease which was the cause of the disability. In such a situation plaintiff says that the policy must be given an interpretation most favorable to the insured and therefore the jury instruction above quoted was correct. Defendant takes the position that there was no ambiguity in said clause, and that it is perfectly clear that the "commencing" refers to the *cause* of the disability and not merely to the disability alone.

 Since the jury were only required to answer two questions of fact stated in the interrogatories, any instruction regarding the legal interpretation of the contract was not only unnecessary but also misleading, for its effect was to authorize the jury first to say whether there was an ambiguity and second to construe the contract. In this jurisdiction the interpretation of written contracts is a question of law for the courts, when there is no dispute as to the facts and no extrinsic evidence explaining the meaning of the words used.[2] The rules for construction of an insurance contract are in this respect the same as for any other contract.[3] Accordingly, we must rule that there was no basis for submitting the question of ambiguity to the jury.

 Logically then, we move to the legal question as to whether there was an ambiguity in the contract. There can be no doubt that a contract of insurance "is ambiguous when, and only when, it is *reasonably* or *fairly* susceptible of different constructions." [4] It has been aptly said the mere fact that the *parties* have differed as to the meaning of the terms of a policy does not make it ambiguous.[5] Otherwise the mere assertion of ambiguity by a suing plaintiff would always result in a ruling of ambiguity. Such of course is not the law.

The insured (appellee) would have us say that the questioned clause of the contract is ambiguous because the relevant language is devoid of punctuation. He says, "If there were a comma after the word 'disabled,' the interpretation upon which the appellant insurance company insists might be tenable. If, on the other hand, there were a comma after the word 'disease,' there could be no challenge to the appellee's contention that the commencement of disability subsequent to the date of issuance of the policy makes due the disability benefits. Even in the absence of punctuation, however, the words by themselves support the interpretation urged below by the appellee." Plaintiff then builds a semantic argument that "commencing" refers to the disability because it would not be grammatically correct to say that an injury commences; rather, he says an injury is sustained while only the disease could possibly commence.

 But our decision must rest on the intent of the parties as manifested by their contract. Whether the intent be expressed expertly or inexpertly is not necessarily the criterion. To be sure, inarticulate expressions may sometimes cause a reasonable doubt as to the meaning intended, but such is not the case here. The words used by defendant state that before the right to benefits arises the insured must have become "wholly disabled by injury or dis-

2. Turner v. Mertz, 55 App.D.C. 177, 3 F.2d 348, 39 A.L.R. 1140; Friedman v. Thomas J. Fisher & Co., D.C.Mun. App., 88 A.2d 321; Arsenault v. Angle, D.C.Mun.App., 43 A.2d 709. Cf. Bovello v. Falvey Granite Co., D.C.Mun.App., 71 A.2d 536.

3. Hall v. Equitable Life Assur. Soc. of U. S., 295 Mich. 404, 295 N.W. 204.

4. 44 C.J.S, Insurance, § 290, and cases cited in note 38 at page 1145. (Emphasis supplied.)

5. Stahl v. American Nat. Assur. Co., Mo. App., 70 S.W.2d 78.

ease commencing subsequent" etc. Thus reading the words in their natural sequence "commencing" would ordinarily limit the "injury or disease" immediately preceding, at least in the absence of modifying punctuation. The sense of the expression does not reasonably suggest otherwise.

In addition to the authorities cited above, see also the following in which general support will be found for the views we have expressed: Columbia Hospital v. United States Fidelity & Guaranty Co., 88 U.S.App.D.C. 251, 188 F.2d 654, cert. denied, 342 U.S. 817, 72 S.Ct. 31; Stinson v. New York Life Ins. Co., 83 U.S.App. D.C. 115, 167 F.2d 233; Home Beneficial Ass'n v. Lomax, 55 App.D.C. 216, 4 F.2d 292; New Amsterdam Casualty Co. v. Fromer, D.C.Mun.App., 75 A.2d 645, 19 A.L.R.2d 509; Capital City Life Ins. Co., Inc., v. Saunders, D.C.Mun.App., 65 A.2d 588; Walker v. Superior Life Ins. Co., Inc., D.C.Mun.App., 62 A.2d 192; Hall v. Equitable Life Assur. Soc. of U. S., 295 Mich. 404, 295 N.W. 204; Alexander v. Handley, Tex.Civ.App., 123 S.W.2d 379, affirmed 136 Tex. 110, 146 S.W.2d 740; 22 Appleman, Insurance, sec. 12853. Cf. Metropolitan Life Ins. Co. v. Bovello, 56 App.D.C. 275, 12 F.2d 810, 51 A.L.R. 1040.

Reversed, with instructions to award a new trial.